IN THE IOWA DISTRICT COURT FOR MUSCATINE COUNTY

| | |
|---|---|
| JUNE ANNE GAETA, THEODORE HILLARD, DARRELL JANSSEN, ANDY SUMMITT, and JOSEPH TIMMSEN,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF MUSCATINE,<br><br>    Defendant. | Case No.:<br><br><br><br><br>**ORIGINAL NOTICE** |

TO THE ABOVE-NAMED DEFENDANT:    CITY OF MUSCATINE

    You are notified that a Petition at Law has been filed in the office of the clerk of this court naming you as the defendant in this action.  A copy of the Petition is attached to this notice.  The attorneys for the plaintiff are Amy Beck and Madison Fiedler-Carlson of Fiedler Law Firm, P.L.C., whose address is 8831 Windsor Parkway, Johnston, Iowa, 50131. Their phone number is (515) 254-1999; facsimile number (515) 254-9923.

    You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Muscatine County.  If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

    If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (563) 328-4145 (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

                                  CLERK OF COURT
                                    Muscatine County Courthouse
                                    Muscatine, Iowa

EXHIBIT 1

| | | |
|---|---|---|
| **Iowa Judicial Branch** | Case No. | **LACV026220** |
| | County | **Muscatine** |

Case Title    JUNE GAETA ET AL. V. CITY OF MUSCATINE

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*



If you need assistance to participate in court due to a disability, call the disability access coordinator at **(563) 328-4145** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

Date Issued  **09/07/2021 01:00:16 PM**



District Clerk of  Muscatine       County
**/s/ Traci Harper**

IN THE IOWA DISTRICT COURT FOR MUSCATINE COUNTY

| | |
|---|---|
| JUNE ANNE GAETA, THEODORE HILLARD, DARRELL JANSSEN, ANDY SUMMITT, and JOSEPH TIMMSEN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF MUSCATINE,<br><br>Defendant. | Case No.:<br><br><br><br>**PETITION**<br>**and**<br>**JURY DEMAND** |

**COME NOW** Plaintiffs June Anne Gaeta, Theodore Hillard, Darrell Janssen, Andy Summitt, and Joseph Timmsen, and for their cause of action state the following:

## INTRODUCTION

1. This is a civil action seeking damages for wage theft under Iowa's Wage Payment Collection Law and the Fair Labor Standards Act.

2. Plaintiff Julie Anne Gaeta is a resident of Muscatine County, Iowa.

3. Plaintiff Theodore Hillard is a resident of Muscatine County, Iowa.

4. Plaintiff Darrell Janssen is a resident of Muscatine County, Iowa.

5. Plaintiff Andy Summitt is a resident of Muscatine County, Iowa.

6. Plaintiff Joseph Timmsen is a resident of Scott County, Iowa.

7. Defendant City of Muscatine is a municipal corporation within the State of Iowa.

8. The acts of which Plaintiff complains occurred in Muscatine County, Iowa.

9. Defendants are an "enterprise" as defined by the Fair Labor Standards Act in that they employ two or more employees and have an annual dollar volume of sales or business done of at least $500,000.

EXHIBIT 2

10. Alternately, Defendants are engaged in commerce as defined by the Fair Labor Standards Act in that they regularly make telephone calls to persons located in other states, handle records of interstate commerce, and/or travel to other states.

## FACTS COMMON TO ALL CLAIMS

11. Until March 2020, Defendants classified Captains as exempt from overtime and compensatory time off.

12. Until March 2020, Defendants did not pay Captains time and a half for overtime hours.

13. Until March 2020, Defendants credited Captains with compensatory time on a straight-time basis rather than a time-and-a-half basis.

14. Defendants had notice in 2019 that Captains were not exempt from overtime requirements, but took no action at that time to correct their misclassification.

15. In March 2020, Defendants audited the position of Captain to ensure that employees holding that position were properly classified as exempt.

16. Captains did not perform job duties that made them exempt.

17. In March 2020, Defendants properly reclassified Captains as non-exempt.

18. No change in job duties accounted for the reclassification of Captains.

19. Since March 2020, Defendants have paid Captains time and a half for overtime hours and credited them with compensatory time on a time-and-a-half basis.

20. Until March 2021, Defendants classified Battalion Chiefs as exempt from overtime and compensatory time off.

21. Until March 2021, Defendants did not pay Battalion Chiefs time and a half for overtime hours.

22. Until March 2021, Defendants credited Battalion Chiefs with compensatory time on a straight-time basis rather than a time-and-a-half basis.

23. Defendants had notice in 2019 that Battalion Chiefs were not exempt from overtime requirements, but took no action at that time to correct their misclassification.

24. In March 2021, Defendants audited the position of Battalion Chief to ensure that employees holding that position were properly classified as exempt.

25. Battalion Chiefs did not perform job duties that made them exempt.

26. In March 2021, Defendants properly reclassified Battalion Chiefs as non-exempt.

27. No change in job duties accounted for the reclassification of Battalion Chiefs.

28. Since March 2020, Defendants have paid Battalion Chiefs time and a half for overtime hours and credited them with compensatory time on a time-and-a-half basis.

29. Defendants failed to pay Captains and Battalion Chiefs back pay for the time period during which they were misclassified.

## CAPTAIN JUNE ANNE GAETA

30. Defendants hired Plaintiff June Anne Gaeta as an employee on August 11, 1994.

31. Gaeta was promoted to Captain on January 29, 2007.

32. Captain Gaeta is a current employee of Defendants.

33. Captain Gaeta worked overtime hours within the statute of limitations period.

34. Defendants failed to pay Captain Gaeta time and a half for such hours.

35. Defendants failed to credit Captain Gaeta with compensatory time for such hours on a time-and-a-half basis.

36. Defendants failed to pay Captain Gaeta back pay for the time period during which she was misclassified.

## BATTALION CHIEF THEODORE HILLARD

37. Defendants hired Plaintiff Theodore Hillard as an employee on December 1, 1992.

38. Hillard was promoted to Captain on February 14, 2013.

39. Hillard was promoted to Battalion Chief on November 1, 2016.

40. Battalion Chief Hillard is a current employee of Defendants.

41. Battalion Chief Hillard worked overtime hours within the statute of limitations period.

42. Defendants failed to pay Battalion Chief Hillard time and a half for such hours.

43. Defendants failed to credit Battalion Chief Hillard with compensatory time for such hours on a time-and-a-half basis.

44. Defendants failed to pay Battalion Chief Hillard back pay for the time period during which he was misclassified.

## BATTALION CHIEF DARRELL JANSSEN

45. Defendants hired Plaintiff Darrell Janssen as an employee on October 24, 1997.

46. Jenssen was promoted to Captain on April 3, 2007.

47. Jenssen was promoted to Battalion Chief on January 21, 2013.

48. Battalion Chief Jenssen is a current employee of Defendants.

49. Battalion Chief Jenssen worked overtime hours within the statute of limitations period.

50. Defendants failed to pay Battalion Chief Jenssen time and a half for such hours.

51. Defendants failed to credit Battalion Chief Jenssen with compensatory time for such hours on a time-and-a-half basis.

52. Defendants failed to pay Battalion Chief Jenssen back pay for the time period during which he was misclassified.

## CAPTAIN ANDY SUMMITT

53. Defendants hired Plaintiff Andy Summitt as an employee on October 15, 2001.

54. Summit was promoted to Captain on June 1, 2018.

55. Captain Summitt is a current employee of Defendants.

56. Captain Summitt worked overtime hours within the statute of limitations period.

57. Defendants failed to pay Captain Summitt time and a half for such hours.

58. Defendants failed to credit Captain Summitt with compensatory time for such hours on a time-and-a-half basis.

59. Defendants failed to pay Captain Summitt back pay for the time period during which he was misclassified.

## CAPTAIN JOSEPH TIMMSEN

60. Defendants hired Plaintiff Joseph Timmsen as an employee on June 19, 2000.

61. Timmsen was promoted to Captain on January 7, 2019.

62. Captain Timmsen is a current employee of Defendants.

63. Captain Timmsen worked overtime hours within the statute of limitations period.

64. Defendants failed to pay Captain Timmsen time and a half for such hours.

65. Defendants failed to credit Captain Timmsen with compensatory time for such hours on a time-and-a-half basis.

66. Defendants failed to pay Captain Timmsen back pay for the time period during which he was misclassified.

## COUNT I
## VIOLATION OF THE IOWA WAGE PAYMENT COLLECTION LAW
## WAGE THEFT

67. Plaintiffs replead paragraphs 1 through 66.

68. Plaintiffs performed work on behalf of Defendant City of Muscatine.

69. Until March 2020, Defendant classified all Captains as exempt.

70. Until March 2021, Defendant classified all Battalion Chiefs as exempt.

71. Plaintiffs were misclassified as exempt.

72. Plaintiffs earned overtime and compensatory time during the relevant time periods.

73. Defendant failed to pay Plaintiffs time-and-a-half or credit them with compensatory time on a time-and-a-half basis until March 2020 (for Captains) and March 2021 (for Battalion Chiefs).

74. Defendant intentionally failed to pay Plaintiffs the full amount owed to them in violation of the Iowa Wage Payment Collections Law.

75. As a result of Defendant's acts and omissions, Plaintiffs have lost wages.

WHEREFORE, Plaintiffs demand judgment against Defendant City of Muscatine in an amount which will fully and fairly compensate them for their injuries and damages, for liquidated damages, for attorney fees, including litigation expenses, for prejudgment and postjudgment interest, for the cost of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Iowa Wage Payment Collection Law.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## WAGE THEFT

76. Plaintiffs replead paragraphs 1 through 75.

77. Defendant failed to pay Plaintiffs the full amounts owed to them in violation of the Fair Labor Standards Act.

78. Defendant's failure to pay Plaintiffs the full amounts owed to them was willful.

79. As a proximate result of Defendant's acts and omissions, Plaintiffs have lost wages.

WHEREFORE, Plaintiffs demand judgment against Defendant City of Muscatine in an amount which will fully and fairly compensate them for their injuries and damages, for liquidated damages, for attorney fees, including litigation expenses, for prejudgment and postjudgment interest, for the cost of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Fair Labor Standards Act.

## JURY DEMAND

COMES NOW the Plaintiff and hereby requests a trial by jury.

                                           */s/ Madison Fiedler-Carlson*
                                           FIEDLER LAW FIRM, P.L.C.
                                           Amy Beck AT0013022
                                           amy@employmentlawiowa.com
                                           Madison Fiedler-Carlson AT0013712
                                           madison@employmentlawiowa.com
                                           8831 Windsor Parkway
                                           Johnston, IA 50131
                                           Telephone: (515) 254-1999
                                           Fax: (515) 254-9923
                                           ATTORNEYS FOR PLAINTIFF

# Return of Substitute Service

## IN THE IOWA DISTRICT COURT IN AND FOR MUSCATINE COUNTY

| | |
|---|---|
| **JUNE ANNE GAETA, THEODORE HILLARD, DARRELL JANSSEN, ANDY SUMMITT, AND JOSEPH TIMMSEN** <br> VS <br> **CITY OF MUSCATINE** | Case Number: **LACV26220** <br> Civil Number: **21-001565** <br> Date Received: **09/27/2021** @ **09:40** <br> Date Printed: 10/01/2021 @ 9:09 |

**STATE OF IOWA** }
**MUSCATINE COUNTY**

I hereby certify that I served a copy of:

PETITION AND JURY DEMAND                              ORIGINAL NOTICE

**To:**   **CITY OF MUSCATINE**   at   **964 NEWELL AVE, MUSCATINE, IA  52761**
   on   **09/28/2021**   @   **10:03**         Type of Service: **OFFICIAL**

**By substitute service on:**

   **BRODERSON, DIANA**   at   **964 NEWELL AVE, MUSCATINE, IA**
         Relationship/Title:   **MAYOR**         Legal Age: **Y**

   Remarks:

**Fees:**
   Service Fees:   60.00
   Mileage:   3.50
   Copies:   0.50
   Total:   64.00

Paid By: FIEDLER LAW FIRM PLC
Date: 09/29/2021
Check #: 10695

QUINN RIESS, SHERIFF
MUSCATINE COUNTY

By:   **/S/**   DEPUTY  MIKE CHANNON

**EXHIBIT 3**

IN THE IOWA DISTRICT COURT FOR MUSCATINE COUNTY

| | |
|---|---|
| JUNE ANNE GAETA, THEODORE HILLARD, DARRELL JANSSEN, ANDY SUMMITT, and JOSEPH TIMMSEN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF MUSCATINE,<br><br>Defendant. | Case No.: LACV026220<br><br><br><br>**DISMISSAL WITHOUT PREJUDICE OF THEODORE HILLARD, DARRELL JANSSEN, AND ANDY SUMMITT** |

COME NOW the Plaintiffs and dismiss without prejudice the claims of Plaintiffs Theodore Hillard, Darrell Janssen, and Andy Summitt.

     /s/ *Madison Fiedler-Carlson*
FIEDLER LAW FIRM, P.L.C.
Amy Beck AT0013022
amy@employmentlawiowa.com
Madison Fiedler-Carlson AT0013712
madison@employmentlawiowa.com
8831 Windsor Parkway
Johnston, IA 50131
Telephone: (515) 254-1999
Fax: (515) 254-9923
ATTORNEYS FOR PLAINTIFF

EXHIBIT 4

1

IN THE IOWA DISTRICT COURT FOR MUSCATINE COUNTY

| | |
|---|---|
| JUNE ANNE GAETA, THEODORE HILLARD, DARRELL JANSSEN, ANDY SUMMITT, and JOSEPH TIMMSEN<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF MUSCATINE,<br><br>Defendant. | Case No. 07701 LACV026220<br><br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

COME NOW the Defendant CITY OF MUSCATINE, IOWA ("Muscatine"), by and through its attorneys, and in response to Plaintiffs' Petition (the "Petition") states as follows:

I.   ANSWER

1. Muscatine denies paragraph 1 of Plaintiff's petition for lack of information.

2. Muscatine denies paragraph 2 of Plaintiff's petition for lack of information.

3. Muscatine denies paragraph 3 of Plaintiff's petition for lack of information.

4. Muscatine denies paragraph 4 of Plaintiff's petition for lack of information.

5. Muscatine denies paragraph 5 of Plaintiff's petition for lack of information.

6. Muscatine denies paragraph 6 of Plaintiff's petition for lack of information.

7. Muscatine admits paragraph 7 of Plaintiff's petition.

8. Muscatine denies paragraph 8 of Plaintiff's petition for lack of information.

9. Muscatine admits paragraph 9 of Plaintiff's petition that Defendant is an "enterprise" but denies the remainder of the allegations.

10. Muscatine denies paragraph 10 of Plaintiff's petition.

11. Muscatine admits paragraph 11 of Plaintiff's petition.

12. Muscatine admits paragraph 12 of Plaintiff's petition.

EXHIBIT 5

13. Muscatine admits paragraph 13 of Plaintiff's petition.

14. Muscatine denies paragraph 14 of Plaintiff's petition.

15. Muscatine admits paragraph 15 of Plaintiff's petition.

16. Muscatine denies paragraph 16 of Plaintiff's petition.

17. Muscatine denies paragraph 17 of Plaintiff's petition.

18. Muscatine denies paragraph 18 of Plaintiff's petition.

19. Muscatine admits paragraph 19 of Plaintiff's petition.

20. Muscatine denies paragraph 20 of Plaintiff's petition.

21. Muscatine denies paragraph 21 of Plaintiff's petition.

22. Muscatine denies paragraph 22 of Plaintiff's petition.

23. Muscatine denies paragraph 23 of Plaintiff's petition.

24. Muscatine denies paragraph 24 of Plaintiff's petition.

25. Muscatine denies paragraph 25 of Plaintiff's petition.

26. Muscatine denies paragraph 26 of Plaintiff's petition.

27. Muscatine denies paragraph 27 of Plaintiff's petition.

28. Muscatine admits paragraph 28 of Plaintiff's petition.

29. Muscatine denies paragraph 29 of Plaintiff's petition.

30. Muscatine denies paragraph 30 of Plaintiff's petition for lack of information.

31. Muscatine denies paragraph 31 of Plaintiff's petition for lack of information.

32. Muscatine denies paragraph 32 of Plaintiff's petition.

33. Muscatine denies paragraph 33 of Plaintiff's petition for lack of information.

34. Muscatine denies paragraph 34 of Plaintiff's petition.

35. Muscatine denies paragraph 35 of Plaintiff's petition.

36. Muscatine denies paragraph 36 of Plaintiff's petition.

37. Muscatine denies paragraph 37 of Plaintiff's petition for lack of information.

38. Muscatine denies paragraph 38 of Plaintiff's petition for lack of information.

39. Muscatine denies paragraph 39 of Plaintiff's petition for lack of information.

40. Muscatine admits paragraph 40 of Plaintiff's petition.

41. Muscatine denies paragraph 41 of Plaintiff's petition for lack of information.

42. Muscatine denies paragraph 42 of Plaintiff's petition.

43. Muscatine denies paragraph 43 of Plaintiff's petition.

44. Muscatine denies paragraph 44 of Plaintiff's petition.

45. Muscatine denies paragraph 45 of Plaintiff's petition for lack of information.

46. Muscatine denies paragraph 46 of Plaintiff's petition for lack of information.

47. Muscatine denies paragraph 47 of Plaintiff's petition for lack of information.

48. Muscatine admits paragraph 48 of Plaintiff's petition.

49. Muscatine denies paragraph 49 of Plaintiff's petition for lack of information.

50. Muscatine denies paragraph 50 of Plaintiff's petition.

51. Muscatine denies paragraph 51 of Plaintiff's petition.

52. Muscatine denies paragraph 52 of Plaintiff's petition.

53. Muscatine denies paragraph 53 of Plaintiff's petition for lack of information.

54. Muscatine denies paragraph 54 of Plaintiff's petition for lack of information.

55. Muscatine admits paragraph 55 of Plaintiff's petition.

56. Muscatine denies paragraph 56 of Plaintiff's petition for lack of information.

57. Muscatine denies paragraph 57 of Plaintiff's petition.

58. Muscatine denies paragraph 58 of Plaintiff's petition.

59. Muscatine denies paragraph 59 of Plaintiff's petition.

60. Muscatine denies paragraph 60 of Plaintiff's petition for lack of information.

61. Muscatine denies paragraph 61 of Plaintiff's petition for lack of information.

62. Muscatine admits paragraph 62 of Plaintiff's petition.

63. Muscatine denies paragraph 63 of Plaintiff's petition for lack of information.

64. Muscatine denies paragraph 64 of Plaintiff's petition.

65. Muscatine denies paragraph 65 of Plaintiff's petition.

66. Muscatine denies paragraph 66 of Plaintiff's petition.

67. Muscatine incorporates paragraphs 1-66 in this response.

68. Muscatine admits paragraph 68 of Plaintiff's petition.

69. Muscatine denies paragraph 69 of Plaintiff's petition.

70. Muscatine denies paragraph 70 of Plaintiff's petition.

71. Muscatine denies paragraph 71 of Plaintiff's petition.

72. Muscatine denies paragraph 72 of Plaintiff's petition.

73. Muscatine denies paragraph 73 of Plaintiff's petition.

74. Muscatine denies paragraph 74 of Plaintiff's petition.

75. Muscatine denies paragraph 75 of Plaintiff's petition.

76. Muscatine incorporates paragraphs 1-75 in this response.

77. Muscatine denies paragraph 77 of Plaintiff's petition.

78. Muscatine denies paragraph 78 of Plaintiff's petition.

79. Muscatine denies paragraph 79 of Plaintiff's petition.

## II. AFFIRMATIVE DEFENSES

COMES NOW Muscatine and for its affirmative defenses states as follows:

E-FILED  2021 OCT 18 1:55 PM MUSCATINE - CLERK OF DISTRICT COURT

1. All allegations and legal conclusions not specifically admitted herein are denied.

2. Plaintiffs have failed to state any claim upon which relief can be granted.

3. Plaintiffs' claims are barred because they have been improperly pled.

4. Plaintiffs' claims are barred by the statute of limitations.

5. City hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during discovery proceedings in this case and hereby reserves the right to amend their Answer to plead additional affirmative defenses, other matters of defense, counterclaims, crossclaims, or third-party claims by way of amendment pursuant to Iowa Rule of Civil Procedure 1.402(5) after sufficient discovery and investigation has been completed.

WHEREFORE City respectfully requests the Court dismiss Plaintiffs' Petition, assess costs to Plaintiffs, award City its attorney fees, interest, and costs as allowed by law, and grant such other and further relief deemed just and equitable under the circumstances.

Respectfully submitted,

BRICK GENTRY P.C.

By: /s/ *Matt Brick*
Erin M. Clanton (AT0002592)
Matt Brick (AT0001081)
6701 Westown Parkway, Suite 100
West Des Moines, Iowa 50266
Telephone: (515) 274-1450
Facsimile: (515) 274-1488
Email: erin.clanton@brickgentrylaw.com
Matt.Brick@brickgentrylaw.com
ATTORNEYS FOR DEFENDANT CITY OF MUSCATINE, IOWA

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon the parties to this action by serving a copy upon each party listed below on October 18, 2021, via electronic filing system.

Signature: /s/

Fiedler Law Firm, PLC
Amy Beck
amy@employmentlawiowa.com
Madison Fiedler-Carlson
madison@employmentlawiowa.com
8831 Windsor Parkway
Johnston, Iowa 50131

IN THE IOWA DISTRICT COURT FOR MUSCATINE COUNTY

| | |
|---|---|
| JUNE ANNE GAETA, THEODORE HILLARD, DARRELL JANSSEN, ANDY SUMMITT, and JOSEPH TIMMSEN<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF MUSCATINE,<br><br>Defendant. | Case No. LACV026220<br><br><br>**APPEARANCE** |

COME NOW Erin M. Clanton, who hereby enters her appearance in this case on behalf of the City of Muscatine.

Respectfully submitted,

BRICK GENTRY P.C.

By: /s/ *Erin M. Clanton*
Erin M. Clanton (AT0002592)
Matt Brick (AT0001081)
6701 Westown Parkway, Suite 100
West Des Moines, Iowa 50266
Telephone: (515) 274-1450
Facsimile: (515) 274-1488
Email: erin.clanton@brickgentrylaw.com
Matt.Brick@brickgentrylaw.com
ATTORNEYS FOR DEFENDANT CITY OF
MUSCATINE, IOWA

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon the parties to this action by serving a copy upon each party listed below on October 19, 2021, via electronic filing system.

Signature: /s/Erin M. Clanton

Fiedler Law Firm, PLC

EXHIBIT 6

1

Amy Beck
amy@employmentlawiowa.com
Madison Fiedler-Carlson
madison@employmentlawiowa.com
8831 Windsor Parkway
Johnston, Iowa 50131

2